# Douglas G. Cook

*v.*

# The City of Chicago *et al.*

1. Equity of redemption—*whether subject to sale on execution.* The judgment debtor's equity of redemption in land sold under execution issued against him, is not such an interest as can be taken and sold under excution, and where the land is subsequently sold under another execution, against the debtor, before the time allowed by law for him to redeem from the former sale has expired, such subsequent sale is void, and the purchaser thereat, acquires no right or title to the premises.

2. Process *directed to coroner—presumption.* Where an execution is directed to the coroner, it will be presumed, in the absence of proof to the contrary, that the clerk properly so directed it.

3. Notice *of sale on execution—who may avail of defects therein.* Where land is sold under execution, and the notice of sale given by the officer is not in compliance with the law, but the defendant in the execution has submitted to it, a stranger to the record can not avail of such irregularity, in a collateral proceeding.

4. Officer's return *upon execution—as to description of the land sold—whether sufficient.* Where a party claimed title to land by purchase at a sale thereof under execution, upon objection that the officer's return upon the execution, and the certificate of sale and the deed were inconsistent and contradictory; that the return described the land as being in township 39, and the certificate and deed as in township 38, the officer in the first part of his return, stating that he levied on the land describing it as in township 38; that he had "caused the said property to be appraised, as appears by the return of the appraisers, herewith returned and made part of my return," the return of the appraisers as also the warrant to them to make the appraisement, describing the land as situated in township 38, the officer in his return then stating that he sold "the said premises," describing them the same as in his statement of levy with the exception of naming the township as 39, instead of 38, the certificate of purchase made at the same time describing the township as 38, it was *held,* from the whole return there could be no doubt the land sold was in township 38, and calling it 39 in one part of the return was merely a false particular of description which did not vitiate.

Appeal from the Superior Court of Chicago ; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. BECKWITH, AYER & KALES, for the appellant.

Mr. M. F. TULEY, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the 30th September, 1869, the appellant filed in the court below a bill in chancery, for the partition of a tract of land containing eighty acres, situated in Cook county. The city of Chicago claimed an adverse title to the land, and, for the purpose of determining this controverted question of title, the city was made a party defendant to the bill, agreeably to the provisions of the statute in such case made and provided. The case was heard upon the pleadings and proofs, and a *pro forma* decree entered, dismissing the bill without prejudice. An appeal was taken by the complainant from this decree; and the only questions arising upon the appeal are those which relate to the adverse title asserted by the city of Chicago. The premises in controversy formerly belonged to one John Shrigley. Both parties claim title under him, by virtue of two different judicial sales. The sale in each case was upon an execution issued against Shrigley.

The sale under which the city claims title, is void, for the reason that the same land had been previously sold by the sheriff, upon another execution in favor of Hamilton, within twelve months of the second sale, the one under which the city claims, and before the time allowed by law for redemption had expired. The first sale was made on Hamilton's execution, July 25th, 1838. The last, under which the city claims, April 29th, 1839.

At the time of the last sale, the only interest which Shrigley then had in the land, was the right to redeem; and that was not such an interest as could be taken and sold on execution.

The last sale gave no right or title to the purchaser, and was entirely void. *Merry* v. *Bostwick*, 13 Ill. 398; *Watson et al.* v. *Reissig*, 24 Ill. 281.

But it is objected, that the appellant has not shown himself to have any interest in the land.

*First.* Because the execution upon which the sale was made under which he claims title, was not directed to nor executed by the proper officer, it having been directed to and executed by the coroner.

But it does not appear that it was not properly so done. Upon a certain contingency, the writ should have been directed to the coroner. Upon affidavit made and filed with the clerk, of the partiality, prejudice, consanguinity, or interest of the sheriff or his deputy, it was the duty of the clerk, under the statute, to direct the execution to the coroner. For aught that appears, such an affidavit was made and filed in this case. The affidavit did not become a part of the record, and it was not necessary that the writ should recite any reason for its being issued to the coroner. *Bastard* v. *Trentch,* 3 Adolph. and Ellis, 451. We will presume, especially after the lapse of so long a period of time, that the clerk performed his duty and rightly directed the writ.

*Second.* That the notice of sale given by the coroner does not appear to have been in compliance with the law. Where the defendant has submitted to it, a stranger to the record can not avail himself of any such irregularity, in a collateral proceeding. *Swiggart* v. *Harber et al.* 4 Scam. 364 ; *Rigg* v. *Cook,* 4 Gilm. 336.

*Third.* That the coroner's return upon the execution, and his certificate of sale and deed are inconsistent and contradictory ; the return describing the land as being in township 39, and the certificate and deed as in township 38.

The officer, in the first part of his return, says, that he levied the execution on a number of town lots, describing them, and also on W. half N. E. qr. sec. 8, T. 38, range 14, and E. half N. W. qr. sec. 8, T. 38, range 14 ; that he had caused the said property to be appraised, " as appears by the return of the appraisers, herewith returned and made part of my return." The return of the appraisers, as also the warrant to them to make

the appraisement, describe the two tracts as above as being in township 38. The officer's return then goes on, and states that he sold " the said premises, " to Isaac Cook, as follows, viz: describing each town lot and each of said tracts, and the prices they brought, exactly as he had described them in his statement of levy on them, with the exception of naming the township 39 instead of 38. The certificate of purchase made at the same time, describes the township as 38.

There is no doubt, from the whole return, that the tracts of land sold, were in township 38, and that calling it 39, in one part of the return, was merely a false particular of description, which does not vitiate.

The decree of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*