ABIAL B. SAWYER *et al.*

*v.*

SOLOMON MOYER *et al.*

*Filed at Springfield Sept. 28, 1882—Rehearing denied January Term, 1883.*

APPEAL—*creditor's bill involves no freehold, so as to give appeal directly to this court.* A creditor's bill to set aside fraudulent conveyances of a debtor, and subject the lands conveyed to sale for the payment of the creditor's judgment, does not involve any freehold, and therefore no appeal lies directly from a decree of the trial court dismissing such bill, to this court.

APPEAL from the Circuit Court of Tazewell county; the Hon. NINIAN M. LAWS, Judge, presiding.

Mr. A. B. SAWYER, Messrs. COHRS & RIDER, and Mr. WM. DON MAUS, for the appellants.

Messrs. PRETTYMAN & DOUGHERTY, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This was a creditor's bill, and was brought by Abial B. Sawyer, and other judgment creditors of Solomon Moyer, against Solomon Moyer, Henry Moyer, Sarah Ann Moyer, and Mary Moyer, in the circuit court of Tazewell county. The recovery of judgments at law in favor of complainants against Solomon Moyer is set forth in the bill, and then it is alleged, that at the time, and after the indebtedness to complainants was contracted, Solomon Moyer was the owner of valuable real estate in Tazewell and McLean counties, and that afterwards,—but before complainants recovered their judgments at law against him,—Solomon Moyer conveyed a part of his real estate to Henry Moyer, and another part to Sarah Ann Moyer; that subsequently, Henry Moyer and Sarah Ann Moyer conveyed such real estate to Mary Moyer, and that such conveyances were all colorable, and made without any valuable

consideration, with a view to hinder and delay the creditors of Solomon Moyer in the collection of their judgments against him. It is further alleged that Solomon Moyer has now no other property, real or personal, subject to levy and sale on execution. Answering, defendants admitted the recovery of the several judgments mentioned, by complainants, against Solomon Moyer, and also the several conveyances as alleged in the bill, but assert the good faith of the transactions, and the conveyances were all *bona fide* sales, for a full and valuable consideration, and with no view to hinder and delay the creditors of Solomon Moyer in the collection of their just claims against him. Replications were filed to the answers of defendants, and the cause was submitted upon the issue made by the pleadings and the proofs taken. The court found for defendants, and dismissed the bill, and complainants bring the case directly to this court on appeal.

It is not perceived on what ground this court has jurisdiction to hear this appeal. Certainly no freehold is involved. The prayer of the bill is, that the several conveyances made by Solomon Moyer to his co-defendants be declared fraudulent as to complainants, and the lands subjected to the payment of their respective judgments, in like manner as if the title to the property still remained in the judgment debtor. It would seem that in such a case the title to the property is no more involved than in a proceeding to foreclose a mortgage and subject the lands to the payment of the mortgage indebtedness. As between the defendants, a court of equity would not interfere to set aside any of the conveyances, but would, for all purposes, treat them as valid, no matter with what view they had been executed. The utmost that could be done, in any event, would be to subject the lands in the present holders to the payment of complainants' judgments, and that might, or might not, involve the title to the lands. Should defendants pay off the judgments, or redeem the lands in case of a sale, that would relieve the land of all burdens,

and leave the title perfect in the judgment debtor's grantees, in like manner as the payment of the mortgage indebtedness would relieve the land of all burdens, and leave the title perfect in the grantee of the mortgagor.

The appeal will be dismissed.

*Appeal dismissed.*