THE ILLINOIS FURNACE COMPANY *et al.*

*v.*

VINNEDGE, JONES & CO.

*Filed at Mt. Vernon June 16, 1883.*

APPEAL—*on creditor's bill.* On a decree upon a creditor's bill setting aside a certain sale as fraudulent against creditors, and subjecting the land to the lien of the judgment, no appeal lies directly to this court, as no freehold is involved.

APPEAL from the Circuit Court of Hardin county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Mr. L. F. PLATER, and Mr. W. G. BOWMAN, for the appellants.

Mr. Justice Scholfield delivered the opinion of the Court:

This was a creditor's bill, by Joseph Vinnedge, Aquilla Jones, and William L. Armstrong, partners, under the firm name of "Vinnedge, Jones & Co.," judgment creditors of the Illinois Furnace Company, against Delos Root and Jerome B. Root, partners, under the firm name of "D. Root & Co.," the Illinois Furnace Company, James H. McKernan, and William R. Nofsinger, to set aside a certain decree on petition for mechanic's lien in favor of said D. Root & Co., and against the said Illinois Furnace Company, and a sale thereunder of certain lands, and of a blast furnace and fixtures, for smelting iron, on said lands, to said Delos Root. It is charged the decree and sale are colorable, covinous and fraudulent, and for the sole purpose of hindering and delaying creditors of said Illinois Furnace Company in the collection of their debts, and the prayer and decree are, that said decree and sale as to complainants' judgment be set aside, and that said property be subject to be sold for the satisfaction of the same. The case comes directly here by appeal from the circuit court.

The effect of the decree is to invest no title in complainants, but merely to declare certain property the subject of a lien in favor of their judgment. The case is, in principle, precisely the same as *Sawyer et al.* v. *Moyer et al.* 105 Ill. 192, *Chicago, Burlington and Quincy R. R. Co.* v. *Watson et al.* id. 217, and *Conkey et al.* v. *Knight et al.* 104 id. 337, in which we have held we have no jurisdiction in such cases by direct appeal from the circuit court, because no freehold is involved. For the reasons expressed in those cases this appeal must be dismissed, but appellants will be allowed, if they shall be so advised, to withdraw their record, abstracts and briefs, for the purpose of suing out a writ of error from the Appellate Court.

*Appeal dismissed.*