ALBERT P. OAKES

v.

JAMES A. WILLIAMS.

*Filed at Mt. Vernon June 16, 1883.*

1. APPEAL—*its effect on the judgment—as to the lien.* An appeal from a judgment of the circuit court to the Supreme Court does not vacate the judgment, or destroy its lien on real estate, or its capacity to become a lien on land acquired pending the appeal. Its only effect is to operate as a stay of proceedings to enforce the judgment.

2. JUDICIAL SALE—*execution issued pending an appeal—irregular, but not void.* An execution issued upon a judgment of the circuit court pending an appeal to the Supreme Court, is irregular, but not void, and a sale of land thereunder might be set aside on motion by the defendant therein; but if the levy and sale are not set aside in proper time, title to the land sold will pass by the sheriff's deed.

3. SAME—*irregularities—where to be corrected—and by whom to be questioned.* Irregularities in the sale of land on execution can only be corrected in the court from which the process has issued. If the defendant in execution takes no steps to have the sale set aside for an irregularity, however gross, it can not be questioned by any one else, especially in a collateral proceeding.

4. So where an execution was improperly sued out on a judgment of the circuit court, and levied upon the defendant's land, and sale thereof made pending an appeal from the judgment, it was held that the proceedings were irregular, and might have been quashed, on motion of the defendant, in the circuit court, but that not having been done, the sale was valid, and passed the defendant's title to the land to the grantee in the sheriff's deed, and that the sale could not be questioned by a third person claiming title under the defendant in the execution.

APPEAL from the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. J. F. McCARTNEY, for the appellant:

No execution can issue against a defendant until his appeal is set aside. The appeal suspends all proceedings until it is decided or set aside. *Pratt* v. *Canfield,* 67 Mo. 48; *State Bank* v. *Green,* 8 Neb. 297; *Bunckner* v. *Near,* 26 Ohio St. 514; *Burns* v. *Leadbetter,* 54 Texas, 579; *Hill* v. *State,* 4

id. 559; *Hall* v. *Jack*, 32 Md. 252; *Stuart* v. *Steinger*, 41 Mo. 400; *State* v. *Judge*, 21 La. 64; id. 73; *Suggs* v. *Suggs*, 1 Overt. 2; *Clay* v. *Noble*, 11 Ark. 631; *Gale* v. *Butler*, 35 Vt. 449; *Branigan* v. *Rose*, 3 Gilm. 123; *Ex parte Thatcher*, 2 id. 169; *Reynolds* v. *Perry*, 11 Ill. 535; *Haynes* v. *Hayes*, 68 id. 265.

. If the court from which the writ emanates has not, at the time, jurisdiction of the subject matter, the execution is void, and the purchaser takes no title. Rorer on Judicial Sales, sec. 709; *Morris* v. *Bradford*, 19 Ga. 27.

Mr. JOHN M. LANSDEN, also for the appellant, to show that the execution and proceedings pending the appeal were void, cited *Owens* v. *McKethe*, 5 Gilm. 79; *Simpson* v. *Alexander*, id. 210; *Blackerby* v. *People*, id. 266; *Reynolds* v. *Perry*, 11 Ill. 534; *Ambrose* v. *Weed*, 11 id. 488; *Haynes* v. *Hayes*, 68 id. 203; *Patrick* v. *Johnson*, 3 Levinz, 404; *Smith* v. *Cave*, id. 312; Freeman on Executions, secs. 32, 33.

Messrs. GREEN & GILBERT, for the appellee:

An appeal does not vacate the lien of the judgment. *Curtis* v. *Root*, 28 Ill. 367; Freeman on Judgments, sec. 382, p. 329.

Even though an appeal is successful, and the judgment be reversed, the purchaser under the judgment from which the appeal is taken acquires a good title. *McLagan* v. *Brown*, 11 Ill. 519; *Whitman* v. *Foster*, 74 id. 147; *Fergus* v. *Woodworth*, 44 id. 374; *Feaster* v. *Fleming*, 56 id. 457; *Hobson* v. *Ewan*, 62 id. 146; *Guiteau* v. *Wisely*, 47 id. 433.

Even when the process issues irregularly, the sale will be good if not set aside. *Hernandez* v. *Drake*, 81 Ill. 34; *Morgan* v. *Evans*, id. 585.

None but a party can avoid sale for irregularity. *Martin* v. *Judd*, 60 Ill. 78; Herman on Executions, 80; *Swiggart* v. *Harber*, 4 Scam. 364.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment. Both parties claim to derive title from McBean as a common source, by judgments, executions, and sheriff's and marshal's deeds. Appellee claims under two judgments, one recovered in the circuit court of Massac county, in favor of McGlanery & Co., recovered on the 1st day of May, 1875, for $75.50, and against McBean. An execution was not issued on this judgment until the 3d day of January, 1878. The property in controversy was levied upon and sold under this execution, together with other lands. The time for a redemption expired, and the sheriff executed a deed to one Williams, from whom appellee derives title by *mesne* conveyances. He also claims title under a judgment recovered in the Circuit Court of the United States for the Southern District of Illinois, rendered on the 7th day of June, 1876, against McBean, for the sum of $590.93, and costs, in favor of Alter, Winston & Co. An execution was issued on this judgment on the 4th of December, 1876. The property in controversy, with other lands, was levied upon and sold, and the redemption having expired, a deed was made by the marshal to the assignee of plaintiff in execution on the 7th of February, 1879, and appellee derives this title from them by *mesne* conveyances. Appellant claims title under a judgment recovered by Jaques Bros. & Co., for $309.71, against McBean, in the county court of Massac county. This judgment was recovered on the 12th. of July, 1877. The property in controversy was sold by the sheriff under execution, and purchased by plaintiffs in execution, and the sheriff executed to them a deed on the 2d day of December, 1878, and appellant derives title from them by *mesne* conveyances. It is thus seen that both judgments under which appellee claims are prior in date to that of appellant. It follows, that unless there is some irregularity that vitiates appellee's title, he was entitled to recover.

A number of objections are urged as rendering that title void. As to the first judgment in the circuit court an appeal was prayed and perfected to the Supreme Court, and was pending and undisposed of until the November term, 1882, and it is contended that as the execution, levy, sale and sheriff's deed were all had pending the appeal, they are absolutely void, and conveyed no title. It is claimed that the judgment of the Circuit Court of the United States did not, by its rendition, become a lien on McBean's property in Massac county, and the marshal having failed to file a certificate of his levy in the office of the recorder of the county, under section 34 of the chapter entitled "Judgments and Executions," the levy never took effect, and the sale passed no title to the marshal's grantee.

What was the effect of the appeal by McBean from the judgment of the circuit to the Supreme Court, recovered by McGlanery & Co.? Did it render the execution issued upon it, and all subsequent proceedings under it pending the appeal, void or voidable? That it operated as a stay of further proceedings during the pendency of the appeal has never been questioned. The appeal operates as a *supersedeas* granted on a writ of error, or the order of a circuit judge staying a judgment in the circuit court. That all proceedings under a judgment stayed by appeal, by *supersedeas,* or by such an order of a judge, are irregular, and may be set aside, on motion to quash, or other appropriate proceedings, there can be no question. But it is not every irregularity in issuing and executing process that will render the process void. An execution regular on its face, and supported by a valid judgment, will protect an officer in its execution. *Brother* v. *Cannon,* 1 Scam. 200, *Bassett* v. *Bratton,* 86 Ill. 153, *Smith* v. *The People,* 99 id. 445, and other cases in our court, might be cited, if so plain a principle needed support. If, then, this judgment was valid and not vacated, then it was suffi-

cient to support the execution, however great the irregularity in issuing and proceeding to satisfaction under it.

In the case of *Curtis* v. *Root*, 28 Ill. 367, this court said: "The appeal did not vacate or destroy the lien of the judgment. It merely suspended its execution. It was in full force all the time as a vital judgment of the court, not only capable of holding all liens to which it attached at the time of its rendition, but it was capable of attaching to other lands of which the judgment debtor might become the owner in the meantime, and thus subject such newly acquired property to its influence." This is decisive of the question that an appeal does not vacate a judgment of the circuit court,—that it is valid and binding, and a lien on the real estate of the debtor, not only on such as he held at the date of the judgment, but all that he might subsequently acquire, until its satisfaction. The execution, then, was supported by a valid judgment, the execution of which was, by the appeal, only suspended during its pendency. The suing out of the execution was but an irregularity, which should have been corrected before the deed was made, by having the execution, levy and sale quashed; but the defendant in execution failed to do so, and must be held to have waived these irregularities, and others not parties to the record, and especially in a collateral proceeding, can not take advantage of them. As illustrating the rule, we may refer to *Morgan* v. *Evans*, 72 Ill. 586, and *Hernandez* v. *Drake*, 81 id. 34. In those cases executions were issued and lands sold on judgments that had ceased to be a lien, without being revived, and it was held that it was a mere irregularity, that was waived by failing to take the proper steps to set aside and quash them before deeds were executed by the sheriff.

The case of *Swiggart* v. *Harber*, 4 Scam. 364, is full and conclusive as to the effect to be given to process merely irregular and not void. In that case it was held that a sale under execution, after a judge's order staying further proceedings,

is not a nullity, but is only voidable, and can not be set aside in a collateral proceeding. It is laid down as the correct doctrine, that where a defendant in a *fieri facias* has submitted to such irregularities, a stranger to the record can not avail himself of any irregularity in the writ in a collateral proceeding; that irregularities in the sale of lands on execution can only be corrected by the court from which the process issues, and when such court is not called upon by the defendant in execution to set such proceedings aside, they can not be disturbed by any one else in a collateral proceeding; that although a judgment may be erroneous, and an execution thereon so irregular as to require it to be quashed on motion by the defendant, yet neither can be inquired into and declared invalid at the instance of a stranger. To enable him to do so they must be not only voidable, but absolutely void. That case, in principle, governs this. There the sale was made in defiance of the judge forbidding it. Here it was made in defiance of the stay of proceedings produced by the perfection of an appeal. The order of the judge in that case was authorized by statute. Here the stay was by the appeal, and both by operation of law. Both were of equal force, nor was either more prohibitory than the other. Their restraining power was the same in both cases. No distinction in principle can be made, and that case is decisive of this.

This view of the case renders it unnecessary to discuss the question whether the judgment of the United States Circuit Court became a lien, or if it did not, whether the levy of its execution, without filing a certificate of the levy, created a lien. Appellee having title derived from the sale under McGlanery & Co.'s judgment, that is sufficient to maintain his judgment in this case.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*