### RANDALL J. ADKINS *et al.*

*v.*

### NELLIE M. BEANE *et al.*

*Filed at Springfield January 19, 1891.*

APPEAL—*whether a freehold involved—question of lien of judgment in attachment.* Where the object of a suit is to determine whether a tract of land is subject to the lien of a certain judgment, a freehold is not involved, within the meaning of the statute relating to appeals and writs of error.

WRIT OF ERROR to the Circuit Court of Cass county.

Mr. R. W. MILLS, for the plaintiffs in error.

Mr. J. N. GRIDLEY, for the defendant in error Nellie M. Beane.

Per CURIAM: This was a bill in chancery, brought by Randall J. Adkins and others, against Nellie M. Beane, and John Dirreen, sheriff of Cass county, to restrain the sale under execution of certain lands of the complainants. The bill alleges that on July 18, 1883, Linus C. Chandler was the owner in fee, by inheritance from Charles Chandler, his father, of an undivided one-seventh part of certain lands in Cass county; that on that day Nellie M. Beane commenced a suit against said Linus C. Chandler by attachment, and levied her writ on his interest in said lands; that prior to that date, Sherman Paddock had also commenced an attachment suit against said Chandler and had caused his writ to be levied on said Chandler's interest in said lands, both of said writs being returnable to the August term, 1883, of the Circuit Court of said county; that no personal service was had on Chandler in either suit; that at said August term, 1883, of said court, judgment was recovered by Nellie M. Beane against said Chandler in her suit for $446, and by said Paddock in his suit for $1337.98; that

at the date of said judgments, the estate of Charles Chandler had not been settled, and for that reason no sale was made of the interest of Linus C. Chandler at that time; that afterward a portion of the heirs of Charles Chandler commenced a proceeding against the other heirs for the partition of said premises, Linus C. Chandler being made a defendant to that proceeding, but that neither of the plaintiffs in said attachment suits was made a party thereto; that during the pendency of the partition proceedings, Paddock intervened in said suit and set up his judgment as a first lien upon the interest of Linus C. Chandler in said lands; that in August, 1888, a decree was rendered in the partition suit in which it was found that the judgment in Paddock's attachment suit was a first lien on said interest, and by which it was ordered that the entire premises be sold "free from the said attachment lien," and the money brought into court.

It was further alleged that at the sale made by the master in pursuance of said decree, the complainants became the purchasers of said premises, and that subsequently an order of distribution was made by which the master was directed to pay out the proceeds in accordance with the interests of the parties as found by the decree, and that in pursuance of such direction the master paid the one-seventh interest of Linus C. Chandler, amounting to $540, to Paddock; that on August 19, 1890, Nellie M. Beane sued out a special execution on her judgment and was threatening to sell the interest of Linus C. Chandler therein; that the effect of the sale by the master was to sell the entire interest of Linus C. Chandler under the attachment judgment of Paddock, and that such sale was for the benefit of the Beane judgment as well as the Paddock judgment, and that any further sale would create a cloud upon the title of the complainants. The bill prays that Nellie M. Beane and said sheriff be enjoined from making such sale.

To this bill the defendants interposed a general demurrer for want of equity, and said demurrer being sustained by the

court, a decree was rendered dismissing the bill at the costs of the complainants. To obtain a reversal of said decree, the complainants have sued out a writ of error from this court to said Circuit Court, and the record is now before us on said writ of error.

The only question sought to be litigated by the bill is, whether the Beane judgment is still a lien upon the undivided one-seventh interest in the premises formerly owned by Linus C. Chandler. The complainants allege by their bill that said lien was extinguished by the sale in the partition proceedings, but that the plaintiff in said judgment is insisting that said lien is still in force, and is attempting to have her judgment executed by a sale of said interest. There is no controversy as to the fee, that being alleged by the bill to have passed to the complainants by the master's sale, and that allegation is admitted by the demurrer. The dispute is, whether they took their title subject to or free from the lien of the Beane judgment.

It is clear that no freehold is involved in the case. The title is not in dispute, the only controversy being as to the existence of a lien, and if the lien is held to be still subsisting, it will not be the necessary result of its enforcement that the complainants will lose or the plaintiff in the judgment gain the freehold. That result may be obviated by a payment and satisfaction of the judgment lien before sale, or by a redemption within twelve months thereafter. *Kirchoff* v. *Union Mut. Ins. Co.* 128 Ill. 199; *Sanford* v. *Kane*, 127 id. 591; *C., B. & Q. R. R. Co.* v. *Watson*, 105 id. 217.

No other question is involved in the record upon which this court can take jurisdiction, and the writ of error must therefore be dismissed. The writ should have been sued out from the Appellate Court, and leave will be given to the parties, if they so desire, to withdraw the record, abstracts and briefs from this court for the purpose of filing the same in that court.

*Writ of error dismissed.*