# Jonas P. Magnusson v. Neander N. Cronholm, Gustaf F. Gustafson, Hedda L. Gustafson, his wife, D. H. Fidelke, August J. Johnson, Frederick H. Brammer and Lyman Baird.

1. EXECUTION SALES—*Who May Question Them*.—If a sheriff's sale on execution is irregular and voidable, but not void, none but parties to the proceeding can question it, and then only in the same case in the same court, or by appeal or writ of error.

2. JUDGMENTS—*Collateral Attack*.—Where a court, in possession of complete jurisdiction over the parties and subject-matter, enters a judgment and proceeds to execute it, such judgment is binding and conclusive against all collateral attack.

3. JUDGMENTS—*Errors Intervening After Jurisdiction Attaches*.—Errors intervening after jurisdiction attaches, and which might have affected the judgment, if urged at the proper time and in the proper forum, can not be effectively insisted upon in a collateral proceeding, whether in law or equity.

4. JUDGMENT—*Who May Attack Collaterally*.—It is a rule of universal application that where a court has jurisdiction of the parties and of the subject-matter, its judgment can not be attacked by one not a party to the proceeding.

5. JURISDICTION—*Freehold Involved*.—In order to oust the Appellate Court of its jurisdiction it is not enough that the freehold be affected by the suit, but it must be involved.

6. FREEHOLD—*When Not Involved*.—A freehold is not directly involved in a chancery proceeding to vacate a judgment and set aside a sheriff's sale made under an execution issued upon it.

**Memorandum.**—In chancery. Bill to set aside sheriff's sale and other relief. Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

WILLIAM DAVIS and MILTON I. BECK, attorneys for plaintiff in error.

W. I. CULVER, attorney for defendants in error N. N. Cronholm and D. H. Fidelke.

JOSEPH H. FITCH, attorney for the defendant in error F. H. Brammer.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The amended bill in this cause was demurred to, and the demurrer sustained, whereupon the complainant elected to stand by his amended bill, and on motion of defendant the court dismissed the said amended bill for want of equity.

We think the demurrer was properly sustained.

The complainant was a judgment creditor of one Gustafson, by virtue of a judgment confessed in his favor by said Gustafson, in October, 1887. He was also the assignee and owner of certain other judgments recovered against Gustafson, in favor of numerous persons, in the months of March, April, May and August, 1883, the earliest one of which was recovered on March 16, 1883. All of said judgments were in full force and unsatisfied.

Such being complainant's relation to Gustafson, the latter and his wife, on September 20, 1887, made and delivered to him a quit-claim deed of certain real estate in Chicago, with the improvements thereon, which had been sold away from Gustafson on February 14, 1884, under an alias execution upon a judgment recovered against him in favor of one Hallstrom, on February 15, 1883, at which sale one Fidelke became the purchaser.

The bill as abstracted states that said quit-claim deed " was made and delivered for the purpose of enabling complainant, either in his own name or jointly with Gustafson and wife, to realize whatever interest or claims said Gustafson and wife have in said property, and out of the proceeds to pay off and satisfy the amounts of all said claims held by complainant, with a certain amount agreed upon to be retained by complainant for his trouble, and the remainder, whatever it may be, to be received by Gustafson and his wife."

From the sale under the execution on the Hallstrom judgment, the property was redeemed in the name of A. J. Johnson, the assignee of a certain judgment which had been recovered on March 8, 1883, against Gustafson in favor of one Carl Anderson, and the premises being offered for re-sale

by the sheriff, they were, on March 23, 1885, struck off and sold to said Johnson, and a sheriff's deed made to him, which deed was recorded April 6, 1885.

On February 1, 1884, Gustafson and wife quit-claimed all their interest in the premises to the said Fidelke, in whose name the premises were afterward, on the 14th of the same month, purchased at the sale under the Hallstrom judgment, and their deed was recorded December 11, 1885.

Johnson and Fidelke, by separate deeds, in April and July, 1885, respectively, quit-claimed the premises to one Aaron Peck, of New York, and Peck, on October 22, 1886, conveyed the premises by a special warranty deed to the defendant, F. H. Brammer, who, under such conveyances, is the present holder of the legal title, and Brammer, about the time of said conveyances to him, incumbered the property with two trust deeds to the defendant, Lyman Baird, for $3,000, and $1,000, respectively.

The bill includes, with others, Gustafson and his wife, as defendants, and attacks all of the conveyances aforesaid which served in any way to divest the title from Gustafson into Brammer, on the grounds of fraud practiced by the defendant, Cronholm, at whose instigation and in whose interest, it is alleged, such conveyances and all proceedings leading up to them, were procured, and charges that because of the fraud alleged against him and those defendants who co-operated with him, the liens of the judgments owned by complainant are prior to and entitled to outrank as liens, the claims of Brammer, Baird, and all persons under them, or through whom they claim.

The bill also alleges that Gustafson and wife were never divested of their right of homestead in said premises. Relief, accordingly, is prayed, and an accounting asked for against Cronholm and Brammer.

We do not pretend to state anything more than the barest epitome of what is alleged in the very lengthy amended bill.

The legal title which has thus centered in Brammer depends at the outset upon the Hallstrom judgment.

There is nothing in that judgment which on its face sug-

gests its invalidity, and for aught we can see, the sheriff's sale was conducted with regularity.

If, however, that sale were irregular and voidable, but not void, none but parties to the proceeding could question it, and then only in the same case in the same court, or by appeal or writ of error. Swiggart v. Harber, 4 Scam. 364; Rigg v. Cook, 4 Gilm. 336; Buckmaster v. Ryder, 12 Ill. 207; Lane v. Bommelmann, 17 Ill. 95; Phillips v. Coffee, 17 Ill. 154; Rockwell v. Jones, 21 Ill. 279; Durham v. Heaton, 28 Ill. 264; Cook v. City of Chicago, 57 Ill. 268; Hobson v. Ewan, 62 Ill. 146; Oakes v. Williams, 107 Ill. 154; Shirk v. Gravel Road Co., 110 Ill. 661.

It is as true in equity as at law, that where a court in possession of complete jurisdiction over the parties and subject-matter enters a judgment and proceeds to execute it, such judgment is binding and conclusive against all collateral attack. Errors intervening after jurisdiction attached, which might have affected the judgment, if urged at the proper time and in the proper forum, can not be effectively insisted upon in any collateral proceeding, whether in law or equity. St. L. & S. C. & M. Co. v. S. C. & M. Co., 111 Ill. 32.

It is a rule of universal application that where a court has jurisdiction of the parties and of the subject-matter, its judgment can not be attacked by one not a party to the proceeding.

The fact that the Gustafsons have quit-claimed to complainant their supposed interest in the premises for the purpose stated in the bill, as above quoted, does not alter the fact that this proceeding is a collateral attack upon the sale under the Hallstrom judgment by one not a party to it. That conveyance in no way advantaged the complainant against the objection that his attack is a collateral one. And as to whether or not the Gustafsons were divested of their homestead by the execution sale, or subsequent proceedings, is no concern of complainant. His judgments were not liens upon the homestead. Moore v. Flynn, 135 Ill. 74.

It is needless to discuss any other of the numerous questions presented by the record, which a different conclusion upon the single question here decided would have rendered necessary.

A motion to dismiss the suit out of this court for want of jurisdiction on the ground that a freehold was involved, was made and reserved to the hearing.

It is not enough that the freehold be affected by the suit, but it must be involved.    Galbraith v. Plasters, 101 Ill. 444; and see also, Sawyer v. Moyer, 105 Ill. 192; Conkey v. Knight, 104 Ill. 337; Furnace Co. v. Vinnedge, 106 Ill. 650; Dobbins v. Cruger, 106 Ill. 383.

A freehold is not, in our opinion, directly involved here. The decree of the Circuit Court will be affirmed.