## Spangler v. Green et al.

1. Jurisdiction of Supreme Court.

Where neither of the several judgments in a proceeding to foreclose a mechanic's lien amounts to $2,500, jurisdiction of the supreme court does not attach on the ground of the amount involved, notwithstanding the aggregate amount of such judgments may exceed that sum.

2. Constitutional Law—Mechanics' Liens.

Where the rights of parties to a building contract accrued under an agreement made before the passage of amendments to the mechanic's lien act, whereby their contract rights were materially impaired, the law in force at the time the rights accrued, and not the amendments, must govern.

3. Same—Jurisdiction of Supreme Court.

Retrospective legislation and the passage of laws impairing the obligation of contracts are forbidden by the constitution. When a case requires the construction of these provisions, this court has jurisdiction to review all matters necessary to a complete determination of the cause.

4. Bills of Exception.

Expressions in a bill of exceptions containing testimony, at the close of

each party's evidence, that such party "here rested its testimony," are equivalent to an express statement that the evidence contained in the bill is all that was introduced at the trial,

### Appeal from the District Court of Arapahoe County.

APPELLEES Green and Fisher, partners as The Chicago Lumber Co., and Ackroyd and Brindle, as E. Ackroyd & Co., commenced their several actions in the district court of Arapahoe county against Woodbury and Page, partners as Woodbury & Co., principal contractors, and against the appellant, Jane T. Spangler, as owner, to recover judgments against Woodbury & Co., which they sought to have established under the mechanic's lien act as liens upon Mrs. Spangler's property for materials furnished and labor performed by said appellees respectively, as subcontractors, under contracts entered into by them with Woodbury & Co. for the construction of a dwelling house and barn which Woodbury & Co. had contracted to build for the appellant.

From the complaints in these two separate actions it appears that the contract which Woodbury & Co. made with the appellant, as well as the subcontracts made by The Chicago Lumber Co. and Ackroyd & Co. with Woodbury & Co., were entered into and the performance thereof begun prior to the passage of the amendments of 1889 to the mechanic's lien act of 1883, but that said contracts were not fully performed until after said amendments went into effect. In neither of the complaints was there an allegation that, at the time of the filing of the notices of lien, there was anything due from the appellant, Spangler, to Woodbury & Co. upon the contract between them.

A demurrer filed by the appellant to these complaints was overruled by the court, whereupon she filed her answer, substantially denying all of the allegations of the complaint, and alleging that, prior to the filing by the plaintiffs of their lien statements, appellant paid to Woodbury & Co., with the exception of a small balance, the full contract price for constructing such buildings. Before the beginning of the

trial the counsel for Mrs. Spangler in open court stated that such balance due from her to Woodbury & Co. upon the contract was the sum of $1,250.07, which she tendered and paid into court, to be applied by the court upon the said demands, as the court might direct;—these two actions. having been consolidated for trial as one action.

The trial resulted in judgments against Woodbury & Co. in favor of The Chicago Lumber Co. in the sum of over $6,000, and in favor of Ackroyd & Co. in the sum of over $1,000, and a lien upon the property of the appellant was decreed to the extent of $2,047.69 under The Chicago Lumber Co.'s judgment, and of $939.45 under the Ackroyd judgment. From this decree, in so far as a lien was established against the property of appellant, she has appealed to this court.

Mr. SAM. P. ROSE and Mr. S. D. WALLING, for appellant.

Messrs. BENEDICT & PHELPS and Messrs. WILLIAMS & WHITFORD, for appellees.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The objection interposed by the appellees to the jurisdiction of this court to entertain the appeal must first be disposed of before considering the assignments of error. Section 1, page 118 of the Session Laws of 1891, provides that no appeal to the supreme court shall lie to review the final judgment of any inferior court unless the judgment exceeds $2,500, exclusive of costs; *provided* this limitation shall not apply where the matter in controversy relates to a franchise or freehold, or where a construction of the state or federal constitution is necessary to a determination of the case.

The proceeding to enforce a mechanic's lien does not involve a freehold. *McCandless v. Green*, 20 Colo. 519. To warrant the assumption of jurisdiction, the amount of the judgment in a case like the one at bar must be determined

by the amount of the judgment in favor of each lien claim-
ant, and not the aggregate amount of the several judgments;
and as neither of the several judgments here amounts to
$2,500, jurisdiction on this ground does not attach. *Key-
stone M. Co. v. Gallagher*, 5 Colo. 23; *Piper v. Jacobson*,
98 Ill. 389; *Farwell et al. v. Becker et al.*, 129 Ill. 261; *Ault-
man & Taylor Co. et al. v. Weir et al.*, 134 Ill. 137; *Bank v.
Stout*, 113 U. S. 684.

Evidently, therefore, the only ground, if any, which
invokes the jurisdiction of this court to review this judgment
and decree must be one of the constitutional questions re-
ferred to. The appellant claims that the court below must
necessarily have based its judgment upon the construction
given by it to section 11 of article 2 of our state constitution,
prohibiting all laws impairing the obligation of contracts,
and laws retrospective in their operation, and section 10 of
article 1 of the federal constitution, relating to the same
matters; or rather that its judgment can be upheld only by
giving to the amendments of 1889 to the mechanic's lien
act of 1883 a retrospective operation, which necessarily vio-
lates the constitutional provisions mentioned.

After a careful examination of the record, we are satisfied
that the judgment of the district court is wrong, and for its
only support must rest upon the ruling made to the effect
that the rights of the parties to this controversy are to be
measured by the amendments of 1889.

The rights of the appellees in this case accrued under
contracts made before the passage of these amendments, and
if their contract rights were materially changed to their in-
jury by the later law, the former, and not the later, law
must govern. We are not unmindful of the doctrine that in
mere remedies there can be no vested right; but where,
under the guise of giving a new or different remedy, sub-
stantial rights themselves are infringed, these constitutional
provisions are violated.

There can be no pretense that The Chicago Lumber Co. in
filing its lien statement, or in the procedure to enforce its

lien, has complied with the law of 1883 ; and while Ackroyd & Co. evidently supposed that their rights were to be measured by the amendments of 1889, still they substantially complied with the old law of 1883 in the proceedings necessary to enforce their claim. It needs no argument to show that the amendments of 1889 materially affected both the rights of, and remedies against, the owner of a building, as they existed under the prior act of 1883. A mere reading of these different provisions will manifest the truth of this statement. The later provisions added to the burden of the owner; took from him certain rights of payment to the contractor, which, under the prior law, he might make with safety to himself, before a subcontractor claiming a lien had filed his notice of his intention to assert the same ; and attached thereto certain penalties from which he was theretofore exempt, by preserving to the subcontractor his lien, although he neglect to file notice within the time fixed by statute, excepting from said lien the property of the owner only to the extent of such payments, if any, as the owner has made to the contractor after the expiration of the time fixed for the subcontractor to file his lien statement or notice.

This ruling of the district court, and the entire theory upon which it proceeded, were fundamentally wrong, and were in direct contravention of the provisions of the constitution which forbid retrospective legislation and the passage of laws impairing the obligation of contracts. Necessarily, therefore, to determine this case requires us to construe these provisions of the constitution. Having jurisdiction upon this ground, the same attaches as to all other matters necessary to a complete determination of the cause. *Trimble v. The People*, 19 Colo. 187.

The assignments of error, in the main common to the two suits, relied upon in argument, are :

*First.* That the plaintiffs fail to aver in their complaint that at the time of filing their notice of intention to claim a lien there was something due from the owner to the principal contractor, which averment is said to be necessary in such an action.

Conceding this contention to be good, we think the absence from the complaint of an averment to this effect was not prejudicial to the appellant for the reason that the error, if any, was cured by her answering to the complaint after the demurrer was overruled and by the admission therein, as well as in open court, that at such time there was something due from her to the principal contractors on the building contract. This sufficiently disposes of the objection urged to the insufficiency of the complaint in this respect.

*Second.* The principal objection raised by the appellant is as to the ruling by the trial court that the law of 1889, and not that of 1883, was applicable to this controversy. In so doing, it must be apparent that the constitutional right of appellant to have her contract enforced under the law in existence at the time the contract was made, and not the law in effect when suit was brought, was infringed. The ruling directly was that the law, as to the conditions giving the right to the lien, in force when the suit to establish the lien was filed,—and not the law in effect when the contracts, from which all rights and remedies spring, were made,— governs the case. This decision must, in the nature of things, be founded upon the constitutional right of the legislature, under the provisions of the constitution involved, to pass such retrospective acts. This point, which is decisive of the controversy, was made below throughout the trial, was decided against the appellant, has been assigned by her as error, and is argued by her counsel; and it is necessary to determine it in this case.

An objection interposed by the appellees, which, if resolved in their favor, will, it is contended, require an affirmance of the judgment, notwithstanding we have determined that this court has jurisdiction to review the case, is that, conceding, for the sake of argument, that the court erred in refusing to permit the appellant, when the offer was first made by her, to introduce evidence that under her contract with Woodbury & Co. she had paid them all that was due and owing by her except about $1,200 before the filing of

the lien statements by the appellees,—in which payment, under the law of 1883, she would be protected as against any claim of appellees,—yet as she claims that all the evidence was not returned in the bill of exceptions, the presumption in favor of the findings and decree is that at some other time during the trial such error was cured by the admission of proper evidence tending to negative such payments, upon which the findings and decision of the court were made; or that the appellant's offer was subsequently renewed by her, and permission given by the court to prove her case, with the result that her proof thus introduced was held insufficient by the court to maintain her claim of payment.

It is true that the bill of exceptions does not contain an express statement that all the evidence introduced at the trial has been certified up, but at the close of the evidence offered in behalf of The Chicago Lumber Co. the statement is that "thereupon said Chicago Lumber Co. rested its testimony," and at the close of Ackroyd & Co.'s case it is "Ackroyd & Co. here rested their testimony," and at the close of appellant's case the statement is "defendant Jane Spangler here closed her testimony." These expressions are equivalent to that usually found in a bill of exceptions to the effect that all of the testimony taken was preserved. *Ironwood Store Co. v. Harrison*, 75 Mich. 197; *Hitchcock v. Burgett*, 38 Mich. 501.

It is sufficiently apparent, therefore, that the decree of the court, in so far as it relates to the question, and to the time, of payment by the appellant to the principal contractor, rests upon an entire absence of the offered testimony of appellant to the effect that she had in the matter of payments complied with the law of 1883, except, as she herself admitted, as to the sum of about $1,200; and from this it follows that this ruling of the court deprived the appellant of her constitutional right to have the terms of her contract enforced and the obligations thereof determined by the law as it was when the contract was made.

The decree of the court below, resting upon an erroneous theory, is reversed, and the cause remanded with instructions for further proceedings in accordance with this opinion.

*Reversed.*