| 24 | 111 |
|---|---|
| 24 | 191 |
| 24 | 269 |
| 24 | 111 |
| 27 | 301 |
| 24 | 111 |
| 28 | 359 |

[No. 3595.]

SCHEEREN ET AL. v. STRAMANN ET AL.

JURISDICTION—FREEHOLD—CREDITOR'S BILL.

A freehold is not so involved in a creditor's bill to set aside a conveyance and subject land to a lien, as to give this court jurisdiction to review the decree.

*Error to the Court of Appeals.*

Mr. S. B. BERRY, for plaintiffs in error.

Messrs. RIDDELL, STARKWEATHER & DIXSON, for defendants in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This was an action originally brought in the district court of Arapahoe county by judgment creditors against the judgment debtors and their grantee to set aside a conveyance of real property made by the debtors to said grantee upon the ground that the same was fraudulent and void as to creditors, and to make the judgment a lien upon the property. In the lower court there was a judgment for the plaintiffs, which, upon appeal by defendants to the court of appeals, was reversed. The plaintiffs have brought the case here upon writ of error to the judgment of the court of appeals.

We have jurisdiction of the cause, if at all, only because the judgment relates to a freehold, or, as otherwise expressed, involves a freehold. Under a statute of Illinois similar to ours, governing appeals and writs of error, the supreme court of that state has repeatedly held that a suit in equity by a judgment creditor to set aside a fraudulent conveyance and subject the property to the satisfaction of the judgment does not involve a freehold. The reasons given for such holding in cases like the one at bar have been thus expressed:

"It will be noticed in each of these cases the title of the fraudulent grantee was, by operation of the decree as to the complaining creditors, completely divested, and rendered null and void, and still it was held no freehold was involved, —that is, that one was not necessarily involved, for the effect of the decree might have been altogether avoided by payment of the amount of the complainants' claims. The ultimate object of a suit in those cases was, as it is in this, to obtain satisfaction of certain indebtedness, and so far as the litigation affected or was likely to affect a freehold estate at all, it was incidental and collateral to the main purpose or object of the suit, and the effect of the proceeding upon the freehold might, at any time, have been defeated or avoided altogether by a payment of the debts to enforce which the suit was primarily instituted." *C. B. & Q. R. R. Co. v. Watson et al.*, 105 Ill. 217, 222.

"It would seem, in a case of this kind, the real question involved is, whether the lands can be subjected to the payment of the indebtedness of the judgment creditors. Payment of the several judgments, or a redemption of the lands in case a sale should be made, would relieve the lands entirely from all claim of complainants, so that it cannot now be ascertained whether the title will ever be affected." *Conkey et al. v. Knight et al.*, 104 Ill. 337.

"The title is not in dispute, the only controversy being as to the existence of a lien, and if the lien is held to be still subsisting, it will not be the necessary result of its enforcement that the complainants will lose or the plaintiff in the judgment gain the freehold. That result may be obviated by a payment and satisfaction of the judgment lien before sale, or by a redemption within twelve months thereafter." *Adkins et al. v. Beane et al.*, 135 Ill. 530.

"The effect of the decree is to invest no title in complainants, but merely to declare certain property the subject of a lien in favor of their judgment." *Furnace Co. et al. v. Vinnedge et al.*, 106 Ill. 650.

The late case of *Hupp et al. v. Hupp et al.*, 153 Ill. 490,

reaffirms the doctrine of these cases, and collates the authorities. This court in *McClellan v. Hurd*, 21 Colo. 197, refers with approval to the *Watson Case* (105 Ill. *supra*), and uses this language:

"In the case of *C. B. & Q. R. R. Co. v. Watson et al.*, 105 Ill. 217, the action was for the purpose of subjecting certain real estate to the payment of judgments held by the plaintiffs, and the supreme court of that state held that the case did not involve a freehold so as to give that court jurisdiction by appeal. This is because the ultimate object of such suits is to obtain satisfaction of the claim, and the suit may be defeated at any time by the payment of the same, the real estate at most being only collaterally or incidentally involved. In all such cases the courts have uniformly held that a freehold is not involved in the sense that the word is used in the statute."

To the same effect are *McCandless v. Green*, 20 Colo. 519, and *Spangler v. Green*, 21 Colo. 505.

The defendants in error questioning our authority to entertain this writ of error, the same is dismissed for want of jurisdiction.

*Writ of error dismissed.*