### R. C. Hunt v. Sarah Connor et al.

1. FREEHOLD—*Payment of a Judgment or Redemption of Lands Sold.*—Where the payment of a judgment or a redemption of lands sold on execution will relieve the lands in question from the claims of a litigant no freehold is involved.

2. GIFTS—*When Not in Fraud of Creditors.*—Where a party is out of debt and makes a gift of land to a relative the consideration for the conveyance is immaterial and can not be questioned by subsequent creditors.

3. DECREES—*Where There is a Controversy in the Testimony.*—This court will not disturb the findings of a trial judge sitting in chancery where the weight of the testimony is in question on disputed points.

**Creditor's Bill.**—Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

R. C. HUNT, attorney *pro se.*

M. J. DAUGHERTY, attorney for appellees.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.
This was a creditor's bill filed by R. C. Hunt against

Sarah Connor and her daughters, Parthena Connor and Philena Connor, to set aside a deed from Sarah Connor to Philena Connor of real estate in Knox county. Hunt had previously obtained judgment and execution against Sarah Connor for $157.50 and costs, and sought by this bill to remove said deed out of the way of his execution, upon the allegation that said deed was without consideration and executed for the purpose of defrauding said complainant and other creditors of Sarah Connor in the collection of their debts. The bill was answered and there was a hearing, and a decree finding the facts as claimed by defendants, and dismissing the bill for want of equity. From that decree complainant appeals.

Appellees assert that the case involves a freehold and therefore this court has no jurisdiction of the appeal. Payment of appellant's judgment, or a redemption of the lands if they should be sold on appellant's execution, would entirely relieve the lands from all claim by the appellant, in either of which cases no freehold would ever be involved. Conkey et al. v. Knight et al., 104 Ill. 337; Adkins et al. v. Beane et al., 135 Ill. 530; Hupp et al. v. Hupp et al., 153 Ill. 490; Moshier v. Reynolds et al., 155 Ill. 72. Appellees' motion to dismiss the appeal is therefore denied.

The lands in question formerly belonged to William Connor. He deeded them to his wife, Sarah. She held the title about two and a half years and then conveyed them to her daughter Parthena, and the deed was promptly placed on record. The parties swear to a valuable and adequate consideration for this deed, but this transaction was before Sarah became indebted to Hunt, and the deed was therefore valid as against him regardless of the consideration so passing. At that time Sarah could have given the premises to Parthena if she had desired. Afterward Parthena, at different dates, made two deeds to Sarah, the two together conveying to her all the lands in question. Soon afterward Sarah executed to Philena the deed here assailed. All the parties swear that Philena's money was paid to Parthena for the land, and that the deeds from Parthena to Sarah

were for the purpose of having her deed the premises to Philena, and that said lands were so conveyed to Sarah upon an agreement by her that she would convey to Philena. Though the parties do not explain the motive of this round-about conveyancing very clearly, except to say they were advised to do that way, we think it is reasonably evident why they did it. The land had been the homestead of William and Sarah. When Sarah deeded to Parthena William was living but did not join in the deed. This left a homestead interest remaining in Sarah and William. Afterward William died. When Parthena sold to Philena the defect could be cured by having Parthena deed to her mother and having the latter convey to Philena with release of homestead, and this was done. Hunt had no lien on this homestead interest.

If the real transaction was a sale and conveyance from Parthena to Philena (the mother being merely the conduit or trustee through whom to make the transfer, and without herself having any financial interest in the premises other than said homestead estate) then a creditor of Sarah has no interest in the property and no standing to attack the trans-action, and it makes no difference what the consideration was moving from Parthena to Philena. It seems Philena was a feeble person, for whom the rest of the family exer-cised special care. All the parties testify to an adequate consideration actually paid, and that the money belonged to Philena and was paid to Parthena for these lands. There is no contrary testimony. Complainant's case rests on suspicion, and on the fact that the family relation exists between the parties, and on the claim that it does not clearly appear how Philena could have had so much money. But if Parthena was the owner of the land she could give it to Philena if she wished. The witnesses testified in open court and the chancellor had an opportunity to observe their demeanor upon the stand and the manner in which they answered questions, and we must make due allowance for whatever may have been peculiar in the giving of the oral testimony that might legitimately have affected the credi-

bility of the several witnesses in the mind of the chancellor. Batcheller v. Batcheller, 144 Ill. 471. It must be clear that the chancellor has erred in his conclusions of fact from the evidence before we are authorized to reverse upon the facts. Higgins v. Wisner, 170 Ill. 220. The chancellor believed the testimony of the defendants, and we are not able to say that he erred in so doing, and if their testimony was true appellant had no case. The decree will be affirmed.