LEONARD RICHIE *et al.*

*v.*

LILLIE CAPPS COX, Exrx.

*Opinion filed December 20, 1900.*

APPEALS AND ERRORS—*when freehold is not involved in proceeding by executrix to sell real estate.* A freehold is not involved, on appeal in a proceeding by an executrix to sell real estate to pay claims allowed against the estate, where the only effect of the decree is to subject the lands of either the petitioner or the defendants, as devisees, to sale for the payment of such claims, since payment thereof would relieve the lands of either of the contending parties from all effects of the decree.

APPEAL from the County Court of Macoupin county; the Hon. DAVID E. KEEFE, Judge, presiding.

KNOTTS & TERRY, and WALKER & SEARCY, for appellants.

BELL & BURTON, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The appellee executrix filed a petition in the county court of Macoupin county, alleging that the personal assets of the estate of her testator were insufficient to pay the claims allowed against the estate; that by his will the testator devised to her, the said appellee executrix and widow of the testator, a certain described tract of real estate, and an interest for life or during her widowhood in certain other described tracts, and devised the remainder in fee in said last mentioned tracts to the appellants; that the appellee executrix had re-married and that the appellants had entered into possession of the tracts so devised to them, and praying that a decree be entered directing and authorizing the petitioner to sell the real estate so devised to the appellants to pay the debts and claims allowed against the estate of said tes-

tator, and that such decree should be without any contribution or liability to contribute on account of the real estate devised to the petitioner. The decree and order of sale were granted as prayed, and appellants perfected this appeal directly to this court.

We are unable to see that this court has jurisdiction to entertain the appeal. The only possible ground of jurisdiction is that a freehold is involved. A freehold may or may not be involved in a petition filed by an administrator or executor for an order to sell the lands of which the intestate or testator died seized, to produce a fund wherewith to pay debts and demands allowed against the estate. In *Lynn* v. *Lynn*, 160 Ill. 307, which was a petition by an administratrix for an order to sell lands to pay debts of the intestate, the pleadings put in issue the title to the lands, the claim of the defendants to the petition being that they, and not the decedent, owned the land at the time of the death of the decedent, and we entertained jurisdiction of the appeal for the reason a freehold was involved, and we there said (p. 314): "Where the application is to sell real estate in the circuit, probate or county court, all cases in which a freehold is involved are required to go directly to the Supreme Court, but where a freehold is not involved, to the Appellate Court."

The matter involved in the case at bar is stated by counsel for appellants in their brief, as follows: "The contention of the appellants is, that the lands devised to the said Lillie Capps Cox must contribute *pro rata,* according to value, with the lands devised to the said Leonard Richie and Samuel Bellamy for the payment of the widow's award and deficit, while the contention of appellee is, that the lands devised to the said Leonard Richie and Samuel Bellamy must alone bear the entire burden of such payment." And by the counsel for the appellee as follows: "The question presented by this record is one of law, only. It is, whether real estate devised

to a widow, who by accepting the provisions of the will, under the statute of this State, relinquishes her rights of dower, must contribute to the payment of debts of the testator upon the same terms as real estate devised to nephews, who are merely objects of the testator's bounty."

An investigation of the record has not developed that any other than the question as stated by counsel was presented to the county court for decision or arises on the record in this court. The only effect of a decree in the case is to subject the lands of either the appellants or the appellee to sale for the payment of debts and claims against the estate of the former owner of the lands, the testator in the will. The payment of such claims would relieve the lands of either of the contending parties from all effects of the decree. In *Ducker* v. *Wear & Boogher Dry Goods Co.* 145 Ill. 653, we said (p. 656): "It is true, that if nothing is done to arrest the suit it will ultimately result in the loss of whatever title the debtor may have to the land; and yet no freehold is involved in such case, because the debtor may defeat the object of the suit and prevent a disturbance of his title by paying the amount of the lien sought to be enforced against it. The statute does not include all cases where the litigation may result in a loss of the freehold, but will not necessarily do so; nor does it include all cases where the freehold is directly affected by the judgment or decree." A freehold is not involved. (*Sawyer* v. *Moyer,* 105 Ill. 192; *Gage* v. *Pease,* 107 id. 598; *Hupp* v. *Hupp,* 153 id. 490; *Pringle* v. *James,* 185 id. 274.) There is no other ground of jurisdiction in this court.

The appeal must be and is dismissed, with leave to the parties to withdraw the record, abstracts and briefs.

*Appeal dismissed.*