Margaret Canty, Appellee, v. J. C. Kelley et al. (Thomas Cunniff et al., Appellants.)

Gen. No. 5285.

EXECUTIONS—*who cannot maintain motion to quash.* A stranger to an action has no standing to urge a motion to quash a levy, etc.

Motion to vacate levy. Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

JARVIS DINSMORE, for appellants.

C. L. and C. E. SHELDON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On May 4, 1908, during the April term of the Circuit Court of Whiteside county, a judgment was entered on a *cognovit* against J. C. Kelley for $300.93 and costs in favor of Margaret Canty. An execution was issued the same day and afterwards returned. On

April 23, 1909, an alias execution was issued on the judgment and delivered to the sheriff of Whiteside county. The sheriff under this execution on May 15, 1909, levied upon all the interest of J. C. Kelley in certain land (the interest of Kelley being an undivided one-twenty-fourth part), and advertised the same for sale. On June 12, 1909, the interest of Kelley in the land was sold by the sheriff under the execution to Margaret Canty for $361.78. On May 29, 1909, at the April term of the Circuit Court Thomas Cunniff and Michael Cunniff filed a petition to have the case of Margaret Canty v. J. C. Kelley redocketed and made a motion "to vacate and quash the levy made May 15th." On June 14 Margaret Canty made a motion to strike from the files the petition and motion of the Cunniffs. On the hearing of the motions the court overruled the motion of the Cunniffs, and they prosecute this appeal.

It appears from the files in a partition suit offered in evidence on the hearing of the motions, that James Cunniff, a bachelor, died December 27, 1907, seized of ninety acres of land in Whiteside county, leaving surviving him fifteen heirs at law. James Kelley, the son of a half brother of the deceased, who had died before James Cunniff, was one of the heirs of Cunniff, and Margaret Canty is the mother of James Kelley. The partition suit to partition the land of James Cunniff was begun September 2, 1908, and James Kelley was a party defendant to that suit, but Mrs. Canty was not made a party, although she was a judgment creditor of James Kelley under the name of J. C. Kelley. Under a decree in the partition suit the land was sold by the master in chancery to Thomas Cunniff, to whom the master made a deed on January 25, 1909. Thomas Cunniff conveyed a half interest in the land to his brother Michael. Thomas and Michael Cunniff now seek by a motion to have the proceedings under the execution in the suits of Margaret Canty v. J. C. Kelley vacated.

The appellants are not parties to the action in which they have entered their motion to have the levy of execution vacated. They are strangers to the record. Strangers to a suit cannot have divers and complex rights settled on a mere motion after judgment has been entered and the term of court adjourned. Bonnell v. Neely, 43 Ill. 288; Oakes v. Williams, 107 Ill. 154. Where a court has jurisdiction of the parties and of the subject-matter, its judgment cannot be attacked by one not a party to the proceeding. Magnusson v. Cronholm, 51 Ill. App. 473. It is manifest that the rights of appellants and Margaret Canty cannot be determined on a motion and affidavits in support thereof, without an opportunity to the parties to cross-examine the affiants and ascertain the real facts. Their rights can only be properly adjudicated in some proceedings where there may be regular pleadings and issues made according to the forms of law. The Circuit Court properly overruled the motion of appellants to vacate and quash the levy. The judgment is affirmed.

*Affirmed.*