Per Curiam.

*173 Appellants, as plaintiffs below, filed suit in the district court against one Blaisdel, and sued out a writ of attachment which was levied on a tract of land. Teare intervened, claiming title to the land. After issues joined, judgment went in favor of Blaisdel, the defendant, and Teare, the intervenor, the latter being awarded damages in the sum of two thousand dollars. Appellants sued out a writ of error in the supreme court for the purpose of reviewing so much of the judgment as went in favor of Blaisdel, the original defendant, and appealed from that feature of the judgment favorable to the intervenor. Under the act creating this court, the appeal has been transferred here. Appellants have filed a motion to remand, and appellee a motion to dismiss the appeal. The motion to remand appears to be based upon the assumption that a freehold is involved. Under the ruling of the supreme court in Scheerem v. Stramann, 24 Colo., 111, this assumption is groundless, and the motion to remand is denied.
The motion of appellee to dismiss the appeal is based upon two grounds:
1. The inadequacy of the abstract of record filed in the case.
2. That the appellants are without authority to maintain their appeal without bringing up the entire record and including all the parties.
The abstract of record is radically defective in many respects pointed out in the brief filed by appellee. It is not necessary, we think, to specify the defects. While it is true that if an appellee be not satisfied with the abstract of record filed, he may, under rule 6 of this court, file a further or ad *174 ditional abstract, tliis privilege granted the appellee may not be construed as absolving appellant from all obligations to observe the simple and reasonable provisions of rule 5 of this court. We are satisfied that the defects in the abstract are not due to any improper motive on the part of appellants, therefore they will be given twenty days in which to prepare and file a supplemental and additional abstract. If within that time a satisfactory abstract be filed, the motion to dismiss the appeal will stand for further Consideration on the question of the right of the appellants to maintain their appeal on the record brought up, and counsel are permitted to file additional briefs, limited to that question alone.
Appellee will be given ten days after receipt of a copy of the supplemental and additional abstract to file such brief. Appellants may have ten days after receipt of copy of appellee’s brief, to file their answer brief, and ten days will be given appellee after receipt of’ appellants’ brief, to file a reply brief. However, in the event the supplemental abstract of record be not filed as hereinabove provided, the motion to dismiss the appeal will be granted.