EDWARD G. SMITH

*v.*

AXEL CHYTRAUS *et al.*

*Filed at Ottawa October 29, 1894.*

1. APPEAL—*allowance of, a judicial act.* An order allowing an appeal and designating the court to which the same may be taken is a judicial act, and binds all the parties until set aside by a competent court.

2. SAME—*allowance to wrong court not void.* An order allowing an appeal to a court having no jurisdiction is not void, but operates as a *supersedeas,* staying all proceedings in the lower court until the appeal is dismissed.

3. SAME—*time does not run pending improper appeal.* Time allowed in a decree for the doing of an act is suspended during the pendency of an improper appeal.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

On the 9th day of March, 1891, a decree was entered of record in the circuit court of Cook county, in the case of Edward G. Smith against Axel Chytraus, the Equitable Trust Company, and others. The court first made various findings of fact. The decree then proceeded as follows :

"The court being now fully advised in the premises, doth order, adjudge and decree, that if, within sixty days from this date, the said complainant, his heirs or assigns, pay said defendants, Chytraus, Carson, Haugen and Lindgren, if they will accept and receive the same, the sum of $47,867.95, with interest thereon at the rate of eight per cent per annum, from September 24, 1890, up to the date of such payment, then the said Chytraus, Carson, Haugen and Lindgren shall at the same time deliver to said complainant, his heirs or assigns, said certificate of purchase with the blank assignment thereof with the said Equitable Trust Company, but under no circumstances shall payment of interest, as above provided, be required after the lapse of sixty days from the date of the entry hereof. If said defendants last mentioned, or either of them, shall be absent or will not receive the money aforesaid, and deliver said certificate of purchase as aforesaid, then said complainant, his heirs or assigns, may pay said sum of money, with interest as aforesaid, into the registry of this court, for the use and benefit of said defendants; that upon payment of said money into this court, and upon notice thereof, said Chytraus, Carson, Haugen and Lindgren, their heirs or assigns, shall immediately deliver unto said complainant, his heirs or assigns, or to the clerk of this court for him, said certificate of purchase, assigned in blank as aforesaid. If said defendants last named shall neglect, fail or refuse to deliver said certificate of purchase, with such assignment, upon performance by said complainant, his heirs or assigns, as aforesaid, then Walter Butler, master in chancery of this court, or his successor in office, shall execute and deliver a deed of conveyance unto said complainant, his heirs or assigns, conveying and transferring all the interest of all said defendants last named in and to said premises described, under, through or by virtue of said certificate of purchase. Such deed of conveyance shall be binding and conclusive on the defendants last aforesaid, and upon all

persons who have acquired any title to said premises in any way through said certificate of purchase under said defendants last mentioned, subsequently to the commencement of this proceeding against them. Such certificate, with said assignment, must be delivered to said complainant, his heirs or assigns, or must be delivered to the clerk of said court for him or them, before either of said defendants shall receive any of the money so deposited for them. * * * If said complainant, his heirs or assigns, shall not comply with the terms of this decree, or shall not pay the amount before mentioned into the registry of this court for said defendants, Chytraus, Carson, Haugen and Lindgren, within sixty days from this date, then said bill of complaint shall be dismissed at his costs, and said complainant shall have no further right or title in said premises;—to all of which the defendants, Axel Chytraus, Oliver M. Carson, Helge A. Haugen, John R. Lindgren, the Equitable Trust Company, Edward G. Mason and Henry B. Mason, by their solicitors, except, and pray an appeal to the Appellate Court for the First District of Illinois, which is granted on condition that said defendants do, within twenty days from date, execute a good and sufficient appeal bond, in the penal sum of $250, with security to be approved by this court. And it is further ordered that said defendants have sixty days from date in which to prepare and file a certificate of evidence herein."

An appeal was taken, under said order of the circuit court, to the Appellate Court for the First District. The defendants also sued out a writ of error from this court.

On the 24th day of March, 1892, the decree of the circuit court was affirmed by this court. (*Chytraus et al. v. Smith,* 141 Ill. 231.) Axel Chytraus and his co-plaintiffs in error filed their petition for a rehearing, but on the 10th day of October, 1892, said petition was, by the order of this court, overruled, and a rehearing denied.

On November 2, 1892, Axel Chytraus, Oliver M. Carson and the Equitable Trust Company moved the Appellate Court for the First District to dismiss their appeal out of said court, and thereupon said appeal was dismissed out of court, and a judgment rendered against said A. Chytraus *et al.*, appellants, for costs, and execution therefor awarded. On the 10th day of December, 1892, by an order entered of record therein, said cause was re-docketed in the circuit court, and on the same day Axel Chytraus and Oliver M. Carson filed in the circuit court their petition, in which they set out the provisions of the decree, and the proceedings in this court in affirmance of the same, and showed the court that twenty-one months had elapsed since the entry of the decree; that sixty days had elapsed since the final disposition of the cause in this court, and that complainant had failed to comply with the terms of the decree, and had neither paid nor offered to pay said sum of money, or any part thereof, to petitioners, and had not paid said amount into the registry of the circuit court for petitioners, and the petition prayed that therefore, in conformity to the provisions of the decree, the bill of complaint should be dismissed at the complainant's cost. And on the same day there was also filed in the circuit court a certified copy of the order of affirmance made in this court, a certified copy of the order of this court denying a rehearing, and a certified copy of the order and judgment of the Appellate Court dismissing the appeal out of court, and for costs.

On the 14th day of December, 1892, the defendants, Axel Chytraus, Oliver M. Carson, Helge A. Haugen, John R. Lindgren and the Equitable Trust Company, appeared in the circuit court, and also Edward G. Smith, the complainant, and the defendants moved the court to dismiss the bill of complaint at the complainant's costs, pursuant to the provisions and directions contained in the decree of the court entered in the cause on the 9th day of March, 1891, and thereupon the court entered a final order, judgment and decree, as follows:

"And it appearing to the court, from evidence heard, that complainant has failed to comply with said decree; that the time limited by said decree within which said complainant was directed to pay to the defendants, or into the registry of this court, the sum of $47,867.95, with interest from September 24, 1890, has elapsed, and that complainant has not, nor has any one for or under him, paid said sum of money, or any part thereof, to said defendants, or either of them, or to any one for their benefit, or into the registry of this court, and that complainant has now no interest or claim in and to the real estate and master's certificate mentioned in the bill of complaint herein, it is therefore ordered, adjudged and decreed by the court that complainant has no right or title in the said certificate of real estate, and that the bill of complaint filed in this cause be and the same is hereby dismissed at complainant's costs."

The present writ of error is sued out for the purpose of reversing this order and decree of December 14, 1892.

Messrs. BARNUM, HUMPHREY & BARNUM, and Messrs. PIERSON & CALDWELL, for the plaintiff in error.

Messrs. BLANKE & CHYTRAUS, for the defendants in error:

An unauthorized appeal does not divest the lower court of jurisdiction. *Brady* v. *Burke*, 90 Cal. 1; *Railroad Co.* v. *Cockruft*, 49 Fed. Rep. 3.

Pendency of a suit for same cause of action, in a court having no jurisdiction, is not sufficient to abate a subsequent suit in a court that has jurisdiction. *Rood* v.*Estane*, 17 Ala. 430 ; *Gordon's Appeal*, 93 Pa. St. 361.

Mr. JUSTICE BAKER delivered the opinion of the court :

Section 67 of the Practice act expressly authorizes circuit courts to grant appeals from all final judgments, orders and decrees, but with the limitation that the appeal must be prayed for and allowed at the term at which

the judgment, order or decree is rendered. Here the appeal was prayed for by Chytraus and the other defendants immediately upon the rendition of the decree against them, and forthwith allowed by the court, and the terms fixed upon which the appeal might be taken. It appears that afterwards these conditions were complied with, and the appeal perfected. When an appeal is perfected the jurisdiction and control of the court below cease, and the appeal becomes a *supersedeas*, or a stay of all proceedings to enforce the execution of the judgment or decree. (1 Am. & Eng. Ency. of Law, p. 623, and authorities cited in notes.) An appeal operates as a *supersedeas*, and its effect is to stay further proceedings until the appeal is disposed of. *Oakes* v. *Williams*, 107 Ill. 154; *Shirk* v. *Gravel Road Co.* 110 id. 661.

It is urged by defendants in error that the appeal that was allowed and that was taken was an appeal to the Appellate Court; that the Appellate Court had no jurisdiction to entertain the appeal, and that therefore the appeal was void and of no effect, and that it follows that the restraining of further proceedings, implied from an appeal to a court which has no jurisdiction to entertain such appeal, must be without any effect also. The premises may be conceded, but we think the conclusions do not follow. In *Reynolds* v. *Perry*, 11 Ill. 534, Perry brought suit against Reynolds, and recovered judgment for costs, only. Reynolds prayed for an appeal to this court and it was granted him, and he perfected his appeal by filing an appeal bond. At that time the statute only allowed appeals where the judgment, exclusive of costs, amounted to the sum of twenty dollars, or related to a franchise or freehold. It was held that the appeal was improvidently granted, but also held that it restrained Perry from collecting his judgment.

*Gage* v. *Rohrbach*, 56 Ill. 262, is not here in point. There the court overruled a demurrer to the bill, and from that decision an appeal was prayed and granted. It was held

the appeal stayed no decree, because none had been rendered, and it was said that, there being nothing to appeal from, the filing of the bond or the granting of the appeal was an inoperative and idle ceremony, having no effect upon the case. In *Brady.* v. *Burke*, 90 Cal. 1, the decision was of like import. The court there said : "Under section 939 of the Code of Civil Procedure no appeal could be taken to this court until after the entry of the judgment in the trial court, and it has uniformly been held here that an appeal taken before such entry is premature."

But in the case at bar it was far otherwise. There was a final decree. The statute allowed appeals from all final decrees. The function of administering the statute was committed by the law to the court that rendered the decree. It was the right of the defendants to pray for an appeal. It was the province of the court to determine to what court of review or appellate jurisdiction the case was appealable, and to fix the terms on which the appeal might be taken. We said in *Hake* v. *Strubel*, 121 Ill. 321 : "The making of the order allowing appeal, and fixing the amount of the bond, and the time in which the bond and bill.of exceptions in the cause shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. The making of the order is an exercise of the judicial power vested in the presiding judge, but the order, when made, is the order of the court." The court, then, when it granted an appeal to the Appellate Court, was acting judicially, and in respect to a matter that was specially committed to its charge by the statute. It had jurisdiction of the parties and of the subject matter, and what it did, although it may have been erroneous, was not absolutely void and of no effect. The parties had a right to rely upon it, and were bound by it until it was set aside by some court lawfully authorized so to do. Sometimes it may be a matter of great doubt to what court a particular suit or proceeding is properly appealable. The trial court, in the first

instance, must determine that question, and it determines it judicially by an exercise of the judicial power that is vested in it. It will not do to say or to hold that after an appeal is granted, and perfected by the giving of a bond, parties or their attorneys, or the ministerial or executive officers of the court, can, at their will and of their own motion, ignore and nullify such appeal. Such doctrine, if held, would inevitably lead to confusion, wrong and oppression in judicial proceedings, and be subversive of justice.

Our conclusion, then, is, that the appeal herein to the Appellate Court, even though granted to a tribunal that had no jurisdiction to entertain it, operated, for the time being, as an appeal, and became a *supersedeas*, and temporarily stayed all proceedings whatever to enforce the execution of the decree. The running of the sixty days that the decree gave to the complainant in which to pay the $47,867.95, and interest, to the defendants Chytraus, Carson, Haugen and Lindgren, or, in certain contingencies, into the registry of the court, was suspended, at least until the Appellate Court dismissed the appeal of Chytraus, Carson and the Equitable Trust Company, on the 2d day of November, 1892. *Smith* v. *Brittenham*, 94 Ill. 624.

It follows from these conclusions, that when the circuit court, on the 14th day of December, 1892, found that the complainant had failed to comply with the decree, and on that ground decreed that he had no right or title in and to the real estate and master's certificate, and dismissed his bill of complaint out of court, only some forty-two days of the sixty days given him by the decree of March 9, 1891, had in fact expired.

We are of opinion that it was error to enter the decree of December 14, 1892, and it is reversed. The cause is remanded to the circuit court for further proceedings in conformity herewith.

*Reversed and remanded.*

Mr. Justice Craig, dissenting.