## Continental Investment and Loan Society v. Aaron M. McKay.

1. APPEALS—*Effect of, on Receivership Proceedings.*—When an appeal from a decree appointing a receiver for a corporation is perfected, such appeal becomes, in effect, a supersedeas, and operates to prevent any distribution or application by the trial court of the assets of the corporation.

**Bill for Receiver and Dissolution of a Corporation.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Reversed. Opinion filed March 8, 1897.

DEFREES, BRACE & RITTER, attorneys for appellant.

M. SALOMON, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In a proceeding before the auditor of public accounts, for the purpose of dissolving the appellant society and distributing its assets, by virtue of the provisions of the act relating to homestead loan associations, the Circuit Court, on March 18, 1896, entered an order as follows:

" This day came the parties hereto by their respective solicitors, and thereupon came on to be heard the motion for a receiver herein, and the court having heard the arguments of counsel, and in order to have the court more fully

Continental Investment & Loan Society v. McKay.

advised in the premises, it is ordered that Aaron M. McKay be and he is hereby appointed to investigate the affairs of said defendant association, and report to the court his findings as to its condition, the value of its real estate loans and security.

It is further ordered that the officers of said association render all the assistance within their power to said Aaron M. McKay."

In pursuance of such order, the appellee, who is the person named therein, made an exhaustive investigation, and followed it by an elaborate report, which was filed in the cause on April 8, 1896, and bears evidence on its face of possessing much value in such a proceeding.

Before such order was entered, a master in chancery had made and filed a report in the cause, which was presumably the basis for the application for the appointment of a receiver, which the order refers to.

On the same day that appellee's report was filed, April 8, 1896, a final decree was entered in the cause, approving the master's report, decreeing a dissolution of the appellant corporation, appointing a receiver of its assets, and directing a distribution thereof to the creditors and stockholders; and from such decree the corporation appealed to the Supreme Court, and on the same day perfected its said appeal by filing an appeal bond as required by the order allowing the appeal, and procured the approval thereof by the court.

The decree so appealed from made no provision for compensation to the appellee, and none had been made theretofore. Probably the effect of the final decree, entered April 8th, ordering a dissolution of the corporation and distribution of its assets, appointing a receiver and directing the delivery of its assets to him, operated as an injunction against its officers from paying out any funds belonging to the corporation, except by a delivery thereof to the receiver, although no express injunctional order appears to have been made. At all events, the court seems to have considered that there was some order of injunction in force, for on May 16, 1896, it was ordered by the court, " that the injunc-

tion heretofore issued be and it is hereby construed not to apply to the payment of fees of Aaron M. McKay, the expert appointed to examine the books of the defendant."

The first time, so far as the record shows, that any application for fees to be paid to the appellee was made, was on August 8, 1896, when this decree, which is the subject of this appeal, was entered.

As abstracted, such decree was as follows:

" The case came on to be heard upon the motion of Aaron M. McKay; that the court fix compensation for services rendered by him under the appointment of the court on March 18, 1896; that counsel for the people and the defendant society appeared; that the court heard evidence, including the report of McKay, heretofore made a part of the record in said cause; that the court finds from the evidence that a reasonable compensation for McKay for services rendered is $500; that his appointment was made without objection for the purpose specified in the order.

It is therefore ordered, adjudged and decreed by the court, that Aaron M. McKay do have and recover from the Continental Investment and Loan Society the sum of $500; that said company be required to pay same within ten days from this date, and in default thereof that execution issue."

The question is, was such decree proper in the then condition of the case?

Although inartificially drawn, and in form like a judgment at common law—" do have and recover," etc., and ordering execution—the meaning of the decree is to subtract from the funds of the corporation, the sum of $500, the right to do which depends wholly upon the determination of the appeal taken to, and perfected in, the Supreme Court, April 8, 1896, four months before this decree was entered.

That former appeal took the cause out of the jurisdiction of the Circuit Court, so far, at least, as to prevent any distribution or application by it of the assets of the corporation under the provisions of the statute is concerned. Harris v. The People, 66 Ill. App. 306.

The services of appellee were rendered in the very proceedings which culminated in the decree of April 8th, and were a subject for consideration in that decree, but not having been there considered nor reserved, the Circuit Court was without jurisdiction after the appeal to the Supreme Court had been perfected and before the determination thereof, to make such a further decree. It was done improvidently and without jurisdiction while the main decree was pending in the Supreme Court. It will be time enough for the Circuit Court to make a further order concerning the matter after the appeal remaining in the Supreme Court shall be disposed of.

The decree is reversed, but without precluding the Circuit Court from considering the matter again after the Supreme Court shall have acted. Reversed.