## Walter Foster, Trustee, Appellant, v. Frank Staar et al., Appellees.

### Gen. No. 14,563.

CONTEMPT—*effect of appeal as supersedeas.* An appeal from a decree punishing for contempt operates as a supersedeas and strips the court until the appeal is disposed of, of the power to proceed to punishment.

Bill for accounting, etc. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed June 4, 1909.

LOUIS GREENBERG, for appellant.

BULKLEY, GRAY & MORE, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Walter Foster, trustee in bankruptcy of the estate of Hip Lung Ying Kee, bankrupt, filed a bill in the

Circuit Court for the dissolution of partnership existing between the bankrupt and certain other persons, and the appointment of a receiver and an accounting. Appellant Herzberger was appointed receiver over the partnership property and effects located at No. 323 South Clark street, Chicago, Illinois. While appellant was in possession of the property, leave was given by the court to Hip Lung Ying Kee & Company, a corporation, to file an intervening petition wherein it claimed to own the property in the possession of the receiver, and prayed for an order of court directing the receiver to turn the property and effects and the possession of the premises over to the intervening petitioner. Upon the hearing of the petition, to which Foster, as trustee, had filed an answer, the court entered a decree on December 19, 1907, restoring the property to the intervening petitioner according to the prayer of its petition. From this decree Foster, trustee, etc., prayed an appeal to the Appellate Court, which was granted, and on the same day, Foster perfected his appeal by filing the bond required by the court and the bond was approved.

The receiver did not turn over the property and the possession of the premises in compliance with the decree, and two days later a rule was entered upon the receiver to show cause why he should not be attached for contempt of court for having failed to turn over the property of the intervening petitioner. A few days later another order was entered requiring the receiver to appear before the court on December 30, 1907. On that day Herzberger, the receiver, filed an answer setting up the facts as to the appeal and the perfection thereof.

January 6, 1908, the court ordered that an attachment forthwith issue to the sheriff to bring the body of Herzberger into court. And on January 8, 1908, an order was entered finding said Herzberger guilty of contempt of court and committing him to the county jail of Cook county, there to remain until he complied

with the order of December 19, 1907, or is otherwise discharged by due process of law. From this order this appeal is prosecuted.

The question presented on this appeal is the right and authority of the Circuit Court to proceed against the appellant for contempt and commit him to the county jail for failure to comply with the order or decree of December 19, 1907, after an appeal had been allowed to Foster, trustee, etc., and perfected by him by filing his appeal bond, which had been approved by that court.

Foster, as trustee in bankruptcy, was the only party in interest before the court who had a right to an appeal. The receiver, Herzberger, had no interest to protect by an appeal, and had no right to an appeal. The perfected appeal of Foster, trustee, transferred to the Appellate Court the whole case under the intervening petition, and, under the practice and the law of this State, operated as a *supersedeas* or stay of proceedings under the decree. Heyman v. Heyman, 117 Ill. App. 542, 546, and authorities there cited; Steele v. Hohenadel, 141 Ill. App. 201, and cases there cited. The appeal suspended all proceedings under the decree, leaving the matters in the condition in which they were when the appeal was perfected. It took from the Circuit Court all jurisdiction or authority to enforce the decree until the appeal was disposed of by this court. The question whether that decree should be enforced could not be before the Circuit Court and this court at the same time. Hohenadel v. Steele, 237 Ill. 229.

The order of the Circuit Court is therefore reversed and the cause is remanded.

*Reversed and remanded.*